UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ELBERT E. O'BANION, JR.** | **:** | **DOCKET NO. 2:22-cv-1020** |
| D.O.C.. # 75667 | | SECTION P |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **MARTHA A. O'NEAL, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 4] filed pursuant to 42 U.S.C. § 1983 by plaintiff Elbert E. O'Banion, Jr. (O'Banion), who is proceeding pro se and in forma pauperis in this matter. O'Banion is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Avoyelles Marksville Detention Center in Marksville, Louisiana. He names Judge Martha A. O'Neal and Beauregard Parish Narcotics Task Force as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the suit be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

Plaintiff alleges that on March 18, 2022, he was arrested and on March 22, 2022, he went before Judge Martha A. O'Neal who "specifically stated that she was not going to do anything for [him]." Doc. 4, p. 3. He also complains that he has not been to any court proceedings since the

morning of March 22, 2022, and is currently in the Avoyelles Parish Jail with no bond or court date. *Id*. He complains that his constitutional rights have been violated. *Id*. Plaintiff asks that all charges pending against him be dropped and for $999 billion in damages. *Id*. at p. 4.

## II.
### LAW & ANALYSIS

### A. *Frivolity Review*

O'Banion has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Application

#### a. Improper Parties

##### i. Judge Martha A. O'Neal

With respect to Judge O'Neal, it is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. *Pierson v. Ray*, 386 U.S. 547 (1967); *Stump v. Sparkman*, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. *Brewer v. Blackwell*, 692 F.2d 387, 396-97 (5th Cir. 1982).

Plaintiff's claims and allegations against Judge O'Neal are frivolous. The conduct challenged by Plaintiff falls within the judge's authority as a judicial officer of the court and in the ordinary exercise of judicial duties. Accordingly, all claims against Judge O'Neal should be dismissed with prejudice as frivolous given the judge's absolute immunity.

##### ii. Beauregard Parish Task Force

All claims against the Beauregard Parish Narcotics Task Force should also be dismissed as frivolous.

Under Federal Rule of Civil Procedure 17(b), "capacity to sue or be sued shall be determined by the law of the state in which the district court is held," i.e., Louisiana. To enjoy the capacity to be sued under Louisiana law, an entity must qualify as a "juridical person." *Dejoie v. Medley*, 945 So.2d 968, 972 (La. App. 2d Cir.2006) (citations omitted). This term is defined by

the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24.

In Louisiana, a multi-jurisdictional drug task force such as defendant, the Beauregard Parish Narcotics Task Force, is not a juridical entity capable of being sued. *Casson v. Powell*, No. 18-1429, 2019 U.S. Dist. LEXIS 83472, 2019 WL 2166660, at *2 (W.D. La. Feb. 27, 2019), R&R adopted, 2019 U.S. Dist. LEXIS 83144, 2019 WL 2134507 (W.D. La. May 15, 2019) (collecting cases).

### b. *Heck v. Humphrey*

Plaintiff's request that all charges against him be dropped is also subject to dismissal.

If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil rights action seeking monetary damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus. *See Heck v. Humphrey*, 114 S.Ct. 2364 (1994).

In order to recover damages based upon an allegedly unconstitutional conviction, the plaintiff must demonstrate that his conviction has been overturned or declared invalid. 512 U.S. at 486-87. *Heck* also applies where a plaintiff seeks injunctive relief which, if granted, would necessarily imply that a conviction is invalid. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (a prisoner's civil rights action is barred, no matter what relief is sought, if success would necessarily demonstrate the invalidity of a criminal conviction). As plaintiff has not alleged that his conviction has been overturned or otherwise declared to be invalid, he has failed to state a claim upon which relief may be granted.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that the instant suit be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 20th day of May, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE